IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAFRON LEMUEL ROBERTS                                                          PETITIONER

VS.                                                    CIVIL ACTION NO.: 3:15-cv-769-DPJ-FKB

BILBO MITCHELL
and RITA JACK, Detective-Meridian Police Department                        RESPONDENTS

ORDER OF DISMISSAL

This cause is before the Court, *sua sponte*. Having considered Petitioner Jafron Lemuel Roberts' habeas petition, the Court finds that it should be dismissed for the reasons that follow.

I.   Factual Background

On October 26, 2015, the Court entered an order severing Roberts' claims under 42 U.S.C. § 1983 from his habeas claims. *See* Order [1]. In the most basic terms, Roberts is a state-court pretrial detainee who was held without indictment, initial appearance, or trial, for over a year. He has now been indicted and arraigned, but he claims that Respondents are violating his speedy-trial rights. Beyond those basic facts, the Court incorporates the facts and procedural history provided in its previous order. *Id*.

II.   Analysis

While a pre-trial detainee like Roberts has the right to seek federal habeas relief, the availability of such relief is not without limits. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488 89 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. Furthermore, a petitioner is not permitted to derail "a

pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court has drawn a distinction between a pre-trial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and a petitioner seeking only to enforce the state's obligation to bring him promptly to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 489 90; *Smith v. Hooey*, 393 U.S. 374 (1969)). The Fifth Circuit has held that the distinction is based on the type of relief requested by the petitioner. *Id*. If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type," and this "objective is normally not attainable through federal habeas corpus." *Id.*

So to the extent Robert's claims can be construed as a request for the dismissal of his state criminal charges, he is attempting "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes" which is not available through federal habeas corpus. *See Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Braden*, 410 U.S. at 489 92 and citing *Brown*, 530 F.2d at 1283). Thus, Roberts' cannot maintain these claims in a request for federal habeas relief.

To the extent Roberts' claims can be construed as a request to force the State of Mississippi to bring him to trial, he is required to exhaust his claims in state court prior to pursuing a federal habeas corpus petition. *See Dickerson*, 816 F.2d at 228. The exhaustion

requirement gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). In order to satisfy the exhaustion requirement, Roberts must present his claims to the state's highest court in a procedurally proper manner. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 40 (1999).

The State of Mississippi provides available remedies for a criminal defendant to assert that his constitutional right to a speedy trial has been violated. *See e.g., Reed v. State*, 31 So. 3d 48, 56 57 (Miss. Ct. App. 2009) (finding criminal defendant may assert demand for speedy trial in trial court and then he is required to obtain pretrial ruling on that motion). Though Roberts has filed a speedy-trial motion in state court, he indicates that the motion has not been heard. As such, Roberts has failed to demonstrate that he has exhausted his state-court remedies for the claims presented in this Petition. *See Dickerson*, 816 F.2d at 228 (finding inmate's numerous preindictment motions in the state court requesting that he be tried as soon as possible did not satisfy exhaustion of speedy trial issue for federal habeas petition). Therefore, to the extent Roberts' claims can be construed as a request to force the State of Mississippi to bring him to trial, they are dismissed without prejudice as unexhausted.[1]

---

[1] Roberts does not claim, nor does the Court find, the presence of exceptional circumstances to excuse the exhaustion requirement. *See Deters v. Collins*, 985 F.2d 789, 795 96 (5th Cir. 1993) (holding exhaustion requirement may only be excused in "rare cases where exceptional circumstances of peculiar urgency mandate federal court interference"); *Dickerson*, 816 F.2d at 227 (holding that constitutional right to speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement").

To be clear, the Court is not deciding the validity of Roberts' claims related to the substantial delays he has experienced. The Court merely holds that he may not bring those claims in federal court until he fully pursues them in state court.

III. Conclusion

Roberts' habeas claims that seek to dismiss his state criminal charges are not available via federal habeas corpus and will be dismissed with prejudice. On the other hand, Roberts' habeas claims that seek to force the State of Mississippi to bring him to trial will be dismissed without prejudice because he has not exhausted his state-court remedies prior to filing this Petition.

**SO ORDERED AND ADJUDGED** this the 28th day of October, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE